## W. H. MONARCH *v.* R. CRAIG.

**Appeal—Record—Bond to Perform Judgment.**

In prosecuting an appeal from the quarterly court to the circuit court the party against whom the judgment is rendered is required to produce to the clerk of the circuit court a certified copy of the judgment and the amount of the cost, and execute before the clerk a bond with one or more sufficient sureties to the effect that appellant will satisfy and perform the judgment that may be rendered on appeal.

**Appeal—Record—Indorsement by Clerk.**

Where the clerk of the court neglected to make any indorsement on the papers on appeal from the quarterly to the circuit court. but appellant had done all that the law required of him in prosecuting the appeal, the mere fact of the failure of the clerk to indorse the papers or to issue a supersedeas, or attest the bond, will not preclude the party from his right to prosecute the appeal.

**Appeal—Record—Papers Filed—Proof of Filing.**

  Where it is sought to show what papers were filed on appeal from the quarterly to the circuit court, such fact may be shown by affidavits, where the clerk of the circuit court has died since the filing of the papers.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 3, 1873.

Opinion by Judge Pryor:

In order to prosecute an appeal from the quarterly court to the circuit court the party against whom the judgment is rendered is required to produce to the clerk of the circuit court a certified copy of the judgment, and amount of cost, and caused to be executed before said clerk a bond with one or more sufficient sureties to the effect that the appellant will satisfy and perform the judgment that shall be rendered on the appeal. When this is done the case is in the circuit court so far as the party appealing is concerned, and nothing more is required of him in order to entile him to an appeal. That the transcript in this case was produced to the clerk in his office and the bond there executed and delivered to him within sixty days from the judgment is clearly shown by the affidavits of the attorneys and Monarch. The clerk, it seems, neglected to make any indorsement whatever on the papers, but nevertheless, the appellant had done every thing the law required to make his appeal effectual, and the mere fact that the clerk failed to endorse the papers filed, or to issue a supersedeas, or attest the bond, does not preclude the party from his right to prosecute the appeal. If the clerk had been living and on the hearing of the motion to dismiss had made the statement contained in these affidavits, is there any question but what the motion to dismiss the appeal would have been overruled?

There is no effort to contradict any record of the acts of the deceased clerk, but only to show when these papers were filed. The clerk would be a competent witness for this purpose and as he is dead there is no reason why these affidavits should not be read. The clerk afterwards appointed also swears that he found these papers, transcript and the bond, in the office when he took charge of it, and explains the manner in which the papers were endorsed by himself. This is strongly corroborative of the statements made

by the attorneys, and we think, made out such a case as clearly entitled the appellant to prosecute his appeal.

The judgment dismissing the appeal is reversed and cause remanded with direction to re-instate it, and for further proceedings consistent herewith.

*Owen & Ellis, for appellant.*

*J. H. McHenry, for appellee.*